Susan M. Natland (SBN 198100)
susan.natland@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Hans L. Mayer (SBN 291998)
hans.mayer@knobbe.com
Katherine R. McMorrow (SBN 315723)
kate.mcmorrow@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: (310) 551-3450
Facsimile: (310) 601-1263

Attorneys for Plaintiff
PUBLIC STORAGE OPERATING COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUBLIC STORAGE OPERATING COMPANY<br><br>Plaintiff,<br><br>v.<br><br>CHARLES D. BURRUS Family trust D/B/A MINI PUBLIC STORAGE<br><br>Defendant. | Case No. 8:23-cv-01190-FWS-DFM<br><br>**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: October 3, 2024<br>Time: 10:00 a.m.<br>Hon. Fred W. Slaughter |

Plaintiff Public Storage Operating Company ("Public Storage") submit this Statement of Genuine Disputes of Material Facts pursuant to Local Rule 56-2, in opposition to Defendant Charles D. Burrus Family Trust d/b/a Mini Public Storage's ("Mini Public Storage") Motion for Summary Judgment [D.I. 52] and Statement of Uncontroverted Facts in Support of Motion for Summary Judgment [D.I. 53].

## I. PUBLIC STORAGE'S RESPONSE TO DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS

| Mini Public Storage's Alleged Undisputed Fact | Public Storage's Response and Supporting Evidence |
|---|---|
| 1. Defendant Charles D. Buress Family Trust, doing business as Mini Public Storage, owns and operates a public self-storage facility in Stanton, California.<br><br>Declaration of Benjamin Wells, ¶5, **Exhibit 2** – Fictitious Business Statement. | **Not Disputed**. |
| 2. Defendant has done business under the name Mini Public Storage at the Stanton location for approximately 40+ years.<br><br>Declaration of Benjamin Wells, ¶6 | **Not Disputed**. |
| 3. Plaintiff first learned about Mini Public Storage in 1979.<br><br>Declaration of Mandana Jafarinejad, ¶2 - **Exhibit A** – Deposition of Seema Kacker, 27:2-17; 65:2-9; Declaration of Mandana Jafarinejad, ¶7 - **Exhibit B** – January 31, 1979 Letter from Public Storage to USPTO. | **Not Disputed**. |
| 4. On or about December 4, 1996, Plaintiff Public Storage contacted Defendant in an effort to persuade Defendant to change its name. In response, Defendant declined to change its | **Not Disputed**. |

-1-

| Mini Public Storage's Alleged Undisputed Fact | Public Storage's Response and Supporting Evidence |
|---|---|
| name and no action was taken by Plaintiff at that time.<br><br>Declaration of Benjamin Wells, ¶7 – **Exhibit 3** – Defendant's December 16, 1996 Response to Plaintiff's December 4, 1996, letter; Declaration of Mandana Jafarinejad, ¶2 - **Exhibit A** – Deposition of Seema Kacker, 28:16-22; 29:1-6. | |
| 5. On February 2, 2007, Plaintiff wrote Defendant persuading Defendant to change its Mini Public Storage name. Defendant declined to change its name and no action was taken by Plaintiff at that time.<br><br>Declaration of Benjamin Wells, ¶8 – **Exhibit 4** – Plaintiff's February 2, 2007 letter to Defendant; Declaration of Mandana Jafarinejad, ¶2 - **Exhibit A** – Deposition of Seema Kacker, 28:16-22; 29:1-9. | **Not Disputed**. |
| 6. On May 18, 2018, Plaintiff wrote Defendant persuading Defendant to change its name from Mini Public Storage. Defendant declined to change its name and no action was taken by Plaintiff at that time.<br><br>Declaration of Benjamin Wells, ¶9 – **Exhibit 5** – Plaintiff's May 18, 2018 letter to Defendant; Declaration of Mandana Jafarinejad, ¶2 - **Exhibit A** – Deposition of Seema Kacker, 28:16-22; 29:1-15 | **Not Disputed**. |
| 7. On June 25, 2018, Plaintiff wrote Defendant persuading Defendant to change its name from Mini Public Storage. Defendant declined to change its | **Not Disputed**. |

| Mini Public Storage's Alleged Undisputed Fact | Public Storage's Response and Supporting Evidence |
|---|---|
| name and no action was taken by Plaintiff at that time.<br><br>Declaration of Benjamin Wells, ¶10 – **Exhibit 6** – Plaintiff's June 25, 2018 letter and email to Defendant | |
| 8. Plaintiff filed its Complaint against Defendant on June 30, 2023.<br><br>Complaint. | **Not Disputed**. |
| 9. Plaintiff employs a team of individuals who consistently and actively monitor the Public Storage brand who take necessary steps and action against companies and entities infringing on their mark.<br><br>Declaration of Mandana Jafarinejad, ¶2 - **Exhibit A** – Deposition of Seema Kacker, 18:19-22; 19:1-3, 21-22; 20:1-8, 19-22; 21:1-20; 25:1-17; 26:2-22; 27:1; 33:13-18. | **Disputed**. Mini Public Storage's alleged fact is vague as to time. It also misstates Ms. Kacker's testimony. Ms. Kacker testified that she could not provide an exact time frame of how long Public Storage has had a team that monitors for potential trademark infringement. She further testified that the team "takes necessary actions when appropriate." Mayer Decl. II ¶ 4, Ex. 35 (Deposition of Seema Kacker ("Kacker Dep. Tr.") at 18:15-19:20). |
| 10. Plaintiff has been in existence since 1972 with over 2850 facilities in the United States.<br><br>Complaint, ¶ 7. | **Disputed.** To clarify, Plaintiff has been in existence since 1972, when it opened it first location. The number of facilities it operates has grown since then. As of today, it operates approximately 2850 facilities in the United States. *See* D.I. 48 at ¶¶ 4, 7. |
| 11. Defendant operates seven (7) self-storage facilities in Southern California, with only one (1) using the name MINI PUBLIC STORAGE: (1) AAA Quality Self Storage – Covina; (2) AAA Quality Self Storage – Lake Forest; (3) AAA Quality Self Storage – Tustin; (4) AAA Quality Self Storage – Long Beach; (5) Your Space Self Storage – Norwalk; (6) | **Not Disputed**. |

-3-

| Mini Public Storage's Alleged Undisputed Fact | Public Storage's Response and Supporting Evidence |
|---|---|
| Sun Valley Self Storage – Sun Valley; and (7) Mini Public Storage – Stanton.<br><br>Declaration of Benjamin Wells, ¶ 11. | |
| 12. Defendant has no intention of expanding its self-storage business using the name Mini Public Storage.<br><br>Declaration of Benjamin Wells, ¶ 12. | **Not Disputed.** |

## II. ADDITIONAL MATERIAL FACTS

| Public Storage's Additional Material Fact | Public Storage's Supporting Evidence |
|---|---|
| 13. Public Storage had concerns about Mini Public Storage's use of the infringing marks for many years. | Mayer Decl. II ¶ 4, Ex. 35 (Kacker Dep. Tr. at 28:1-8). |
| 14. Mini Public Storage historically engaged in limited advertising. | Mayer Decl. II ¶ 2, Ex. 33 (Wells Dep. Tr. at 52:17-53:2). |
| 15. Mini Public Storage has only one facility. | Dkt. 51 (Plaintiff's Statement of Uncontroverted Facts in Support of its Motion for Summary Judgment ("SOUF I") ¶ 45). |
| 16. It appeared to Public Storage that Mini Public Storage was not impacting Public Storage's business significantly enough to justify litigation costs. | Mayer Decl. II ¶ 4, Ex. 35 (Kacker Dep. Tr. at 28:1-15). |
| 17. By 2018, Mini Public Storage had completed its shift in advertising from print, such as Yellow Pages, to exclusively on-line advertising, such as with Google adwords. | Mayer Decl. II ¶ 3, Ex. 34 (Wells Dep. Ex. 17). |
| 18. In March 2018, one of Public Storage's Stanton, CA customers emailed both invoice@customercare.publicstorage.com (Public Storage's support) and manager@selfstorage-stanton.com (Mini Public Storage's email address) to clarify her account balance. | SOUF ¶ 51; Dkt. 48 (Declaration of Seema Kacker in Support of Motion for Summary Judgment ("Kacker Decl.") ¶ 29, Ex. 15). |

| Public Storage's Additional Material Fact | Public Storage's Supporting Evidence |
|---|---|
| 19. In June 2021, Public Storage learned that searching "public storage customer service" on Google generated a search results page including the question "Can you pay Public Storage with cash?" The answers to that question were generated with information from, and a link, to Mini Public Storage's website. | Dkt. 51 (SOUF I ¶ 52); Dkt. 48 (Kacker Decl. ¶ 31, Ex. 17). |
| 20. In December 2021, a caller contacted Public Storage's customer support line trying to reach Mini Public Storage instead. | Dkt. 51 (SOUF I ¶¶ 53-54); Dkt. 48 (Kacker Decl. ¶ 30, Ex. 16). |
| 21. In May 2022, a Public Storage customer attempted to address her delinquent bill through the Better Business Bureau but mistakenly addressed the issue to Mini Public Storage. | Dkt. 51 (SOUF I ¶¶ 49-50); Dkt. 48 (Kacker Decl. ¶ 32, Ex. 18); Dkt. 50 (Declaration of Hans L. Mayer in Support of Motion for Summary Judgment ¶¶ 8-10, Exs. 26, 27). |
| 22. The multiple instances of actual confusion within less than a one-year period justified Public Storage's cost of litigation against Mini Public Storage. | Mayer Decl. II ¶ 4, Ex. 35 (Kacker Dep. Tr. at 28:11-15). |

KNOBBE, MARTENS, OLSON & BEAR LLP

Dated: September 5, 2024     By: /s/ Hans L. Mayer
          Susan M. Natland
          Hans L. Mayer
          Katherine R. McMorrow

          Attorneys for Plaintiff
          PUBLIC STORAGE OPERATING COMPANY